AMERICAN GRAPHOPHONE CO. et al. v. BOSTON STORE OF CHICAGO.

(District Court, N. D. Illinois, E. D.   September 3, 1915.)

No. 482.

**1. PATENTS ☞191—RIGHTS OF PATENTEES—CONTRACTS.**

A patentee may, while exercising any of his three co-ordinate monopoly rights of making, selling, and using, reserve by proper agreement such portion thereof as he may see fit; but after he has once allowed the patented article to pass out of the monopoly, without committing, by proper agreement, the one to whom the article comes to the observance of an obligation on his part, he cannot recall it, or claim that by notice he has burdened the article with such reservation.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 268; Dec. Dig. ☞191.]

**2. PATENTS ☞191—RIGHTS OF PATENTEE—CONTRACTS.**

An agent or vendee of a patentee may, by direct covenant, bind himself to the observance of price restriction imposed as a condition on which exclusive right of sale by the patentee is being exercised.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 268; Dec. Dig. ☞191.]

**3. PATENTS ☞257—RIGHTS OF PATENTEE—CONTRACTS.**

Whether a violation of a contract by an agent or vendee of a patentee to observe price restriction, imposed as a condition on which exclusive right of sale by patentee is being exercised, may be dealt with as for infringement or breach of contract, enforceable in equity, is immaterial as between the parties, except only as it may affect the jurisdiction of the court to be invoked; but, where the contract is to be taken as the measure of the agent or vendee's right, a failure to observe its stipulation is an infringement.

[Ed. Note.—For other cases, see Patents, Dec. Dig. ☞257.]

In Equity.   Suit by the American Graphophone Company and another against the Boston Store of Chicago.   Motion to dismiss amended bill of complaint and order made to show cause in 10 days why injunction should not be granted.

Elisha K. Camp, of New York City, Daniel N. Kirby, of St. Louis, Mo., and Taylor E. Brown, of Chicago, Ill. (Brown & Mehlhope, of Chicago, Ill., and Nagel & Kirby, of St. Louis, Mo., of counsel), for plaintiffs.

Hamilton Moses, of Chicago, Ill. (Moses, Rosenthal & Kennedy, of Chicago, Ill., of counsel), for defendant.

GEIGER, District Judge.   [1] I shall consider the contract set out in the complaint as though it were entered into between the defendant and the plaintiff American Graphophone Company.   The case is of importance only in so far as it presents the question:   Can a patentee, upon a sale of a patented article, by contract require of his immediate vendee the observance of price restrictions upon resale?

Prior to the decision in Bauer v O'Donnell, 229 U. S. 1, 33 Sup. Ct. 616, 57 L. Ed. 1041, 50 L. R. A. (N. S) 1185, Ann. Cas. 1915A, 150, this question, now raised upon the motion to dismiss, would have received an affirmative answer on the authority of Victor v. The Fair,

123 Fed. 424, 61 C. C. A. 58, the cases therein cited, Bement v. Harrow Co., 186 U. S. 70, 22 Sup. Ct 747, 46 L. Ed. 1058, Henry v. Dick, 224 U. S. 1, 32 Sup. Ct. 364, 56 L. Ed. 645, Ann. Cas. 1913D, 880, and certain other cases, particularly the so-called Anti-Trust Cases, which involve patents and patent rights. The determination of the motion, as I think, depends upon the effect, if any, to be given to Bobbs-Merrill Co. v. Straus, 210 U. S. 339, 28 Sup. Ct. 722, 52 L. Ed. 1086, and Bauer v. O'Donnell, 229 U. S. 1, 33 Sup. Ct. 616, 57 L. Ed. 1041, 50 L. R. A. (N. S.) 1185, Ann. Cas. 1915A, 150, as modifying the views thus heretofore entertained.

Now, in the Bobbs-Merrill Case, it was held that the exclusive right of vending a publication, as secured by the copyright statute, did not confer the right, by notice, to burden the copyrighted article with respect to resale price, in whosesoever hands it may come; that is to say, it was held that the right of vending does not include that manner of qualifying title to the thing sold. This seemed to be of the essence of the holding, for the court said:

"The learned counsel for the appellant in this case in the argument at bar disclaims relief *because of any contract,* and *relies solely upon the copyright statutes,* and rights therein conferred." 210 U. S. 346, 28 Sup. Ct. 724, 52 L. Ed. 1086.

Again:

"The *precise question,* therefore, in this case is: Does the sole right to vend (named in section 4952) secure to the owner of the copyright the right, *after a sale* of the book to a purchaser, to restrict future sales of the book at retail, to the right to sell it at a certain price per copy, *because of a notice in the book that a sale at a different price will be treated as an infringement,* which notice has been brought home to one undertaking to sell for less than the named sum? We do not think the statute can be given such a construction, and it is to be remembered that this is purely a question of statutory construction. *There is no claim in this case of contract limitation, nor license agreement controlling the subsequent sales of the book.*"

Bauer v. O'Donnell presented, in respect of a patented article, the identical facts of the Bobbs-Merrill Case, and twice the court stated the proposition for decision thus:

(1) "May a patentee *by notice* limit the price at which future retail sales of the patented article may be made, such article being in the hands of a *retailer by a purchase from a jobber* who has paid to the agent of the patentee the full price asked for the article sold?"

(2) "The real question is whether in the exclusive right secured by statute to 'vend' a patented article there is included the right, *by notice,* to dictate the price at which subsequent sales of the article may be made. The patentee relies solely *upon the notice* quoted to control future prices in the resale by a purchaser of an article said to be of great utility and highly desirable for general use."

The decision in substance is that, when the patentee sells, he cannot thereafter impeach the fact of sale, nor the transfer of title of the article, by claiming that he had affixed a notice thereto which qualified the right of the seller or purchaser on resale to agree upon any price; but the question here is: Can a patentee, while in the act of exercising his monopolistic right of sale, lawfully bind his vendee to terms of resale to be respected by the latter? It is the question

which in the Victor Case, 123 Fed. 424, 61 C. C. A. 58, supra, was somewhat more broadly stated to involve these facts:

"The bill very clearly shows that appellants said to the jobber: 'We are unwilling to part with the whole of our monopoly. There are no terms on which we will give you an unrestricted right to deal in our machines. However, if you choose to pay our price for a limited right, we will place our machines in your hands to be sold by you, or by dealers under you, to the public at not less than $25 each'—and that the jobber *explicitly accepted this offer*."

Grant that a patentee cannot, by mere notice, burden an article during the life of the patent with a resale price restriction, that he cannot make a notice attached to the article discharge the function of a "covenant running with the land," as in real estate sales, and that, when he *sells*, he *sells*, we still have the question: How effectively can he and his vendee bargain respecting the exercise of his exclusive right of sale? If it be the law that he cannot make *any* bargain with *his vendee* which involves price restriction, then, of course, in that respect he is on competitive, and not on monopolistic, ground. He is in the position where he may rightfully withhold the manufacture, use, and sale from the whole public, and yet, when he proceeds to sell, must submit to the very policy which the public, in granting him the monopoly, has surrendered to him.

Now, as I view the recent adjudications, the Victor Case, supra, has two aspects which are significant: First, it announces the general proposition that the patentee and his vendee may bargain in any way respecting the scope of the former's release of his monopoly right. Therein it is in accord with the later cases (Bement, Dick, and the Anti-Trust Cases). Secondly, that the notice affixed to the patented article is a sufficient reservation of his right as between himself and the public. Therein, it is clearly overruled by Bauer v. O'Donnell. If the general proposition first above is also overruled, it seems difficult to find a foundation for the cases which subsequently affirmed it. That such is not the intended effect of the Bauer Case seems clear from the language used in stating the question therein to be decided, as well as the direct affirmance of the Bement and Dick Cases, which involve, fundamentally, that very proposition.

It is suggested that the distinction between the Bement, Creamery Package (179 Fed. 115, 102 C. C. A. 413), Bath Tub (226 U. S 20, 33 Sup. Cr. 9, 57 L. Ed. 107), and Rubber Tire Wheel (154 Fed. 358, 83 C. C. A. 336) Cases and the present case is this: That the patentee may sell or assign his *right to sell*, and introduce a covenant for price restriction; that he may sell his right to *manufacture and sell*, and introduce a covenant for price restriction; but that he cannot sell his own patented article and compel his vendee to observe a covenant for a resale price. This attempted distinction, it seems to me, loses sight of the fundamental notion of the patentee's right. It does not help to say that, after a patentee has exhausted his right, he can no longer exercise it, or that, when he has once sold to an individual for a full price, the public cannot be barred from the full and unrestricted use and right of resale. Those are truisms. But what distinction is there between selling or assigning the right to sell—to speak plainly, between licensing to sell on terms of resale, and *selling*

the patented article on terms of resale? Each is or involves the bargaining away of the right secured by the patent, though the form of obligation or the manner of exercising may be different. Naturally, an absolute sale by a patentee of his patented article is the highest form of license through which the purchaser and the public are admitted to the inventor's right, so far as they may enjoy it, in the use and sale of the particular article embodying the invention. In each case, however, the licensee or vendee acquires the same right, having the same origin, and in no event exercisable without permission of the patentee. In each, the transmission by the patentee of a whole or a part of the exclusive right which has been granted him with respect to his inventive concept is (in whole or in part) the subject of the bargain; and the fact that, in the one, the bargain also involves the transfer of title to a physical thing, embodying the concept, does not furnish a basis for distinguishing the situations in so far as they fundamentally have this common element which no one can enjoy or practice unless he can make terms with the patentee.

The covenant for price restriction in the Bement and other cases referred to, although found in a license to manufacture and sell, was germane to the patentee's exclusive right of sale. It was assumed in all of these cases that such covenant was prima facie violative of public policy, but that it was met and overcome by the fact that the public, through the grant of the patent, had given the articles to be sold, a status which enabled monopolistic bargaining; that therefore the rules respecting ordinary sales could not apply. It is impossible, in my judgment, to draw a tenable distinction between those cases and the case of a direct sale by the patentee of his patented article.

To state it again, in different form: If the patentee may say to the world, "I will confer upon any one, by license, the right to manufacture and sell my patented article, provided he will observe a price, fixed by me at which the article is sold to another," he can say, "I will manufacture the patented articles myself, and I will sell to no one except on condition that he observe a resale price to be fixed by me." And he can do so for the reason that the article, because of its embodiment of the invention, has been made a subject of lawfully restrictive price bargaining; and the Wall Paper (212 U. S. 233, 29 Sup. Ct. 280, 53 L. Ed. 486) and Dr. Miles Medical (220 U. S. 393, 31 Sup. Ct. 376, 55 L. Ed. 502) Cases are most persuasive in supporting such view. The language of the Supreme Court in the Miles Case (see 220 U. S. 401, 31 Sup. Ct. 376, 55 L. Ed. 502) could give no clearer recognition to the full right of the patentee *to bargain* for price restriction. The statement is almost made in plain words that, if the proprietary medicine were a patented article, the contract there in question would, as *between the parties*, receive the protection of the patent laws as construed in the Bement Case.

In view of the language in Bauer v. O'Donnell, which discloses so clear a purpose to limit it to the precise facts, it is my judgment that it does not, and was not intended to, overrule the other cases, which seem so firmly to have established the general proposition upon which the sufficiency of the complaint in the present case depends. In other

words, the complaint shows a contract which, against the defendant, as a purchaser from the patentee, is valid and enforceable.

[2, 3] I appreciate that these views may not be in harmony with those expressed in other jurisdictions since the decision in Bauer v. O'Donnell, and for that reason have reduced them to the form of a memorandum. The conclusions are:

(1) That Dick v. Henry, Bement v. Harrow Co., Victor v. The Fair, and the other cases, supra, so far as they permit a patentee, *while exercising* any of his three co-ordinate monopoly rights, by proper agreement to reserve such portion thereof as he sees fit, have not been overruled by Bauer v. O'Donnell; but that, after he has once allowed the patented article to pass out of the monopoly, without committing, by proper agreement, the one to whom the article comes, to the observance of an obligation on his part, he cannot then recall it, or claim that, by a notice, he burdened the article with such reservation.

(2) That an agent or vendee of a patentee may, by direct covenant or agreement, be bound to the observance of price restriction, imposed as a condition upon which exclusive right of sale by the patentee is being exercised. Whether a violation of such agreement be dealt with as for infringement or breach of a contract, enforceable in equity, is immaterial as between the patentee and his contractee, save only as it may affect the jurisdiction to be invoked.

(3) That the complaint states a good cause of action against the defendant. If the contract is to be taken as the measure of the defendant's right, it seems to me that a failure to observe its explicit stipulation constitutes infringement. Certainly the breach of the agreement, if valid, should entitle plaintiffs to relief in equity.

An order may be entered overruling the motion to dismiss. The application for an injunction, involving as it does the same fundamental questions as the motion to dismiss, should also be granted; and, unless the defendant shall, within 10 days, indicate its desire to oppose such application upon grounds not involved in the motion to dismiss, an injunction may go.